FILED BY _____ D.C.

05 MAY 19 AM 6:50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREG GRANDBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2876 |
| | ) | |
| RUBY BRIDGEFORTH, POSTMASTER, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| MEMPHIS FRONT STREET INSTALLATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Greg Grandberry ("Grandberry") alleges that he was illegally discharged as an employee of the United States Postal Service in violation of Title VII, 42 U.S.C. § 2000(e) et seq. (Compl. at ¶¶ 3-4.) Before the court is defendant Ruby Bridgeforth's ("Bridgeforth") motion to dismiss, filed on January 18, 2005. Grandberry filed a response on May 2, 2005. Bridgeforth filed a reply brief on May 10, 2005.

Bridgeforth argues that Grandberry's suit must be dismissed because Grandberry's complaint was not timely filed. (Def.'s Mot. at 5.) Title VII creates a cause of action for employment discrimination only after a plaintiff has pursued an administrative remedy, such as filing a Charge of Discrimination with the EEOC. 42 U.S.C. § 2000(e)-5(f)(1); Love v. Pullman Co., 404 U.S. 522, 523 (1972). If the administrative agency's final disposition of the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-19-05



plaintiff's employment discrimination claim does not satisfy a plaintiff, he may file a civil complaint within 90 days of receiving notice that the administrative agency has concluded its investigation of his claim. 42 U.S.C. § 2000(e)-16(c). Failure to file within 90 days of receiving this notice, often referred to as a "right to sue letter," will result in dismissal of any claims in court. Cook v. Providence Hosp., 820 F.2d 176, 178-79 (6th Cir. 1987).

Bridgeforth, in her motion to dismiss, alleges that Grandberry, who was employed by the United States Postal Service, filed a formal complaint with the Postal Service's Equal Employment Opportunity ("EEO") office on November 19, 2003. (Def.'s Mot. at 2.) The EEO office mailed Grandberry a right to sue letter on December 31, 2003. (Id.) Because the Complaint in this case was filed on October 29, 2004, Bridgeforth contends that Grandberry did not file suit within the 90 day period required by Title VII. (Id. at 6.)

Grandberry responds that "[t]he Agency decision that was issued in December 2003 is not a part of this lawsuit." (Pl.'s Resp. at 2.) Grandberry states that "[t]he Complaint filed by the Plaintiff in this cause was originally filed in August 1993, however Plaintiff entered a voluntary dismiss [sic] without prejudice in light of the fact that he had not perfected service within the requisite time period. The October 2004 filing was a refilling [sic] of the first Complaint. Therefore Plaintiff has in fact and as a matter of law, timely filed this action." (Id. at 2-

2

3.)

Bridgeforth, in her reply brief, states that she has reviewed federal district court records and cannot find a suit filed by Grandberry in August 1993, but has discovered that Grandberry filed a lawsuit in August 2003. (Def.'s Reply at 1-2.) That lawsuit, Greg Grandberry v. Butch Parker,[1] Case No. 03-2585 D/V, filed August 11, 2003 (the "August 2003 case"), challenged Grandberry's removal from the Postal Service and contained a complaint that is essentially identical to the complaint filed in the instant case. Bridgeforth appears to accept Grandberry's explanation that the instant case is a refiling of the August 2003 case, and is unrelated to the complaint with the EEO that led to the December 31, 2003, right to sue letter.[2] (Def.'s Reply at 2-3.) Bridgeforth, however, does not accept Grandberry's claim that because this case is a refiling of the August 2003 case, the instant case was timely filed. (Id.)

Given that the parties appear to agree that the case before the court is a refiling of the August 2003 case, the initial question is when the right to sue letter for the August 2003 case was issued. The only reference in the record to an administrative investigation before the filing of the August 2003 case is paragraph 5 of the complaint in both the August 2003 case and in the instant case which states "[o]n or about September 22, 2002 the Plaintiff exhausted his remedies in the administrative grievance

---

[1] According to Bridgeforth, Butch Parker was the prior Memphis Postmaster and was succeeded by Bridgeforth.

[2] Assuming that Grandberry's reference to an August "1993" case in his response was a typographical error.

3

process, receiving no relief therein." Thus, it appears that Grandberry received a right to sue letter around September 22, 2002. Even if September 22, 2002, is not when Grandberry received his right to sue letter, he must have received it before he filed the August 2003 case on August 11, 2003. In either case, Grandberry received his right to sue letter well over 90 days before the current suit was filed on October 29, 2004.

Grandberry argues that because the August 2003 case was timely filed and this case is a refiling of the August 2003 case, this case is timely filed.[3] (Pl.'s Resp. at 1-2.) The August 2003 case was dismissed <u>sua sponte</u> by the federal district court for Grandberry's "failure to prosecute and comply with Court orders." (Order Dismissing Plaintiff's Complaint, <u>Grandberry v. Parker</u>, Case No. 03-2585, March 29, 2004.) Although the earlier order did not state whether the dismissal was with or without prejudice, the parties have assumed that the dismissal was without prejudice, and so will the court. "It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." <u>Wilson v. Grumman Ohio Corp.</u>, 815 F.2d 26, 27 (6th Cir. 1987). Consequently, the filing date of Grandberry's Title VII action is October 29, 2004, well over 90 days after the latest date

---

[3] If Grandberry received his right to sue letter around September 22, 2002, then the August 2003 case itself was not timely filed. It is not necessary to address this issue.

4

Grandberry could have received notice of the completion of an administrative proceeding investigating his claim of discrimination.

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.


So ordered this 18th day of May 2005.

                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:04-CV-02876 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT